UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DIAN K ROHL,<br>      Plaintiff,<br><br>    v.<br><br>MEDICUS HEALTHCARE<br>SOLUTIONS, LLC,<br>      Defendant. | CAUSE NO.: 2:20-CV-46-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Dian K. Rohl invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing her Complaint in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff and Defendant Medicus Healthcare Solutions, LLC must be citizens of different states, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy. Plaintiff has also sufficiently alleged her own citizenship. However, the allegations are insufficient as to the citizenship of Defendant.

The Complaint alleges that "Defendant, Medicus Healthcare Solutions, LLC was not a qualified healthcare provider under Indiana's Medical Malpractice Act" (Compl. ¶ 2, ECF No. 1);

"the principal place of business of Defendant, Medicus Healthcare Solutions, LLC was the State of New Hampshire with last known address as 22 Roulston Road, Windham, NH 03087" (*id.* at ¶ 3); "at all relevant times it was doing business in the State of Indiana" (*id.*); and "[t]he registered agent of Defendant Medicus Healthcare Solutions, LLC is Joseph Matarese, 22 Roulston Road, Windham, NH 03087, USA." (*Id.* at ¶ 4). These allegations are insufficient for the purpose of determining citizenship.

A limited liability company's citizenship for purposes of diversity jurisdiction "is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court must therefore be advised of the identity of each of Defendant's members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *Thomas*, 487 F.3d at 533-34 ("blanket declaration" that an LLC's member(s) "are citizens of another state," and "naked declaration that there is diversity of citizenship," are both insufficient). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege Defendant's citizenship as outlined above. Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **February 19, 2020**, a supplemental jurisdictional statement that properly alleges Defendant's citizenship as stated above.

So ORDERED this 5th day of February, 2020.

                                                 s/ Joshua P. Kolar
                                                 MAGISTRATE JUDGE JOSHUA P. KOLAR
                                                 UNITED STATES DISTRICT COURT